IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LARRY BRIAN PORTEOUS,                   No. 2:16-cv-2406-CMK-P

        Petitioner,

   vs.                                       ORDER

SCOTT KERNAN,

        Respondent.

_____/

         Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

         Pending before the court is respondent's motion to dismiss (Doc. 11). In response, petitioner filed a motion to stay this action (Doc. 14). Petitioner requested a stay issue in this action based on a pending appeal filed in Porteous v. Fisher, Jr., 2:15-cv-1817-GEB-KJN. In that earlier action, which appears to challenge a separate conviction, petitioner had appealed a finding that the petition filed in that action was barred by the statute of limitations. Petitioner contends that his mental disorders impaired his ability to timely file his petition. That issue was raised in his appeal of the dismissal issued in 2:15-cv-1817-GEB-KJN.

///

1

Respondent originally filed a notice of non-opposition to the motion to stay. However, since that filing, respondent has reported to the court that petitioner's request for a certificate of appealability in case 2:15-cv-1817-GEB-KJN has been denied by the Ninth Circuit Court of Appeals. Respondent contends there is no longer a basis for the stay.

The district court is not required to sua sponte consider stay and abeyance in the absence of a request from the petitioner, see Robbins v. Carey, 481 F.3d 1143, 1148 (9th Cir. 2007), or to inform the petitioner that stay and abeyance may be available, see Brambles v. Duncan, 412 F.3d 1066, 1070-71 (9th Cir. 2005). When a stay-and-abeyance motion is filed, there are two approaches for analyzing the motion, depending on whether the petition is mixed or fully exhausted. See Jackson v. Roe, 425 F.3d 654, 661 (9th Cir. 2005). If the petitioner seeks a stay-and-abeyance order as to a mixed petition containing both exhausted and unexhausted claims, the request is analyzed under the standard announced by the Supreme Court in Rhines v. Weber, 544 U.S. 269 (2005). See Jackson, 425 F.3d at 661. If, however, the petition currently on file is fully exhausted, and what petitioner seeks is a stay-and-abeyance order to exhaust claims not raised in the current federal petition, the approach set out in Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), overruled on other grounds by Robbins, 481 F.3d 1143, applies. See Jackson, 425 F.3d at 661.

Under Rhines, as a threshold condition for this court to exercise its discretion to issue a stay-and-abeyance order as to mixed petitions, the court must determine that there was good cause for failing to exhaust claims before raising them in the federal case. See Rhines v. Weber, 544 U.S. at 277. If there is good cause for petitioner's failure to exhaust, it may be an abuse of discretion to deny stay and abeyance where there is no indication of intentional dilatory litigation tactics. See id. at 278. Stay and abeyance is not appropriate where the unexhausted claim is plainly meritless. See id. at 277. If a stay-and-abeyance order is issued with respect to a mixed petition, the district court may employ a three-step procedure which involves: (1) the dismissal of unexhausted claims from the original petition; (2) a stay of the remaining claims

pending exhaustion; and (3) amendment of the original petition to add newly exhausted claims that then relate back to the original petition. See Calderon v. United States Dist. Ct. (Taylor), 134 F.3d 981, 986-88 (9th Cir. 1998).

Under Kelly, the district court is required to "consider the option of holding the exhausted petition in abeyance so that the petitioner would be able to exhaust his claims in state court before attempting to amend his federal petition to include the newly exhausted claims." Jackson, 425 F.3d at 661 (citing Kelly, 315 F.3d at 1070). Whether to exercise this option is within the discretion of the district court. See Kelly, 315 F.3d at 1070. However, the Ninth Circuit has recognized the "clear appropriateness of a stay when valid claims would otherwise be forfeited." Id. Moreover, a stay under such circumstances promotes comity by deferring the exercise of federal jurisdiction until after the state court has ruled. See id.

Here, it appears the petition filed in this case is fully exhausted. Neither party argues to the contrary. The reason petitioner gives for requesting the stay of these proceedings is the appeal he filed in his prior case. That appeal has now been resolved. Thus, the undersigned finds no reason to grant the motion to stay.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion to stay these proceedings (Doc. 14) is denied; and

2. Petitioner shall file any opposition to respondent's motion to dismiss within 30 days of the date of this order.

DATED: November 6, 2017

                                                    **CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE