IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LARRY BRIAN PORTEOUS,

    Petitioner,

  vs.

RAYTHEL FISHER,[1]

    Respondent.

_____/

No. 2:16-cv-2406-GEB-CMK-P

FINDINGS AND RECOMMENDATION

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is respondent's unopposed motion to dismiss (Doc. 11). Petitioner's request for a stay of these proceedings was denied, and petitioner was provided an opportunity to file an opposition to the motion to dismiss. No opposition has been received within the time provided.

    **I.    BACKGROUND**

Petitioner is challenging his 1997 conviction out of the Sacramento County Superior Court. His conviction was affirmed by the California Court of Appeal in December

---

[1] Raythel Fisher is the current warden of Valley State Prison, where Petitioner is housed. Pursuant to Federal Rule of Civil Procedure 25(d), Raythel Fisher is substituted as respondent in this matter. The Clerk of the Court is directed to update the docket to reflect the above caption.

1

1998, and the California Supreme Court denied review on February 1999. Petitioner filed[2] a state habeas petition in the Sacramento County Superior Court on September 24, 2014, which was denied on August 11, 2014. He then filed a petition in the California Court of Appeal on December 20, 2015, which was denied on December 31, 2015. He filed his petition in the California Supreme Court on April 28, 2016, which was denied October 4, 2016.

## II.    MOTION TO DISMISS

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F. Supp. 1189, 1194 & n. 12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n.12. The petitioner bears the burden of showing that he has exhausted state remedies. See Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1981).

Respondent brings this motion to dismiss petitioner's habeas corpus petition as filed beyond the one-year statute of limitations, pursuant to 28 U.S.C. § 2244(d).

The Antiterrorism and Effective Death Penalty Act (AEDPA) requires federal habeas corpus petitions to be filed within one year from the later of: (1) the date the state court

---

[2] The filing dates used here are the most beneficial to petitioner, and take advantage of the "prison mailbox rule." See Houston v. Lack, 487 U.S. 266 (1988); Stillman v. LaMarque, 319 F.3d 1199, 1201 (9th Cir. 2003) (applying rule to prisoner's habeas corpus petition).

2

judgment became final; (2) the date on which an impediment to filing created by state action is removed; (3) the date on which a constitutional right is newly-recognized and made retroactive on collateral review; or (4) the date on which the factual predicate of the claim could have been discovered through the exercise of due diligence. See 28 U.S.C. § 2244(d). Typically, the statute of limitations will begin to run when the state court judgment becomes final by the conclusion of direct review or expiration of the time to seek direct review. See 28 U.S.C. § 2244(d)(1).

Where a petition for review by the California Supreme Court is filed and no petition for certiorari is filed in the United States Supreme Court, the one-year limitations period begins running the day after expiration of the 90-day time within which to seek review by the United States Supreme Court. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). Where a petition for writ of certiorari is filed in the United States Supreme Court, the one-year limitations period begins to run the day after certiorari is denied or the Court issued a merits decision. See Wixom v. Washington, 264 F.3d 894, 897 (9th Cir. 2001). Where no petition for review by the California Supreme Court is filed, the conviction becomes final 40 days following the Court of Appeal's decision, and the limitations period begins running the following day. See Smith v. Duncan, 297 F.3d 809 (9th Cir. 2002). If no appeal is filed in the Court of Appeal, the conviction becomes final 60 days after conclusion of proceedings in the state trial court, and the limitations period begins running the following day. If the conviction became final before April 24, 1996 – the effective date of the statute of limitations – the one-year period begins to run the day after the effective date, or April 25, 1996. See Miles v. Prunty, 187 F.3d 1104, 1105 (9th Cir. 1999).

The limitations period is tolled, however, for the time a properly filed application for post-conviction relief is pending in the state court. See 28 U.S.C. § 2244(d)(2). To be "properly filed," the application must be authorized by, and in compliance with, state law. See Artuz v. Bennett, 531 U.S. 4 (2000); see also Allen v. Siebert, 552 U.S. 3 (2007); Pace v. DiGuglielmo, 544 U.S. 408 (2005) (holding that, regardless of whether there are exceptions to a

state's timeliness bar, time limits for filing a state post-conviction petition are filing conditions and the failure to comply with those time limits precludes a finding that the state petition is properly filed). A state court application for post-conviction relief is "pending" during all the time the petitioner is attempting, through proper use of state court procedures, to present his claims. See Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). It is not, however, considered "pending" after the state post-conviction process is concluded. See Lawrence v. Florida, 549 U.S. 327 (2007) (holding that federal habeas petition not tolled for time during which certiorari petition to the Supreme Court was pending). Where the petitioner unreasonably delays between state court applications, however, there is no tolling for that period of time. See Carey v. Saffold, 536 U.S. 214 (2002). If the state court does not explicitly deny a post-conviction application as untimely, the federal court must independently determine whether there was undue delay. See id. at 226-27. Because "California courts had not provided authoritative guidance on this issue," the Supreme Court in Chavis "made its own conjecture... 'that California's "reasonable time" standard would not lead to filing delays substantially longer than' between 30 and 60 days." Robinson v. Lewis, 795 F.3d 926, 929 (9th Cir. 2015) (quoting Evans v. Chavis, 546 U.S. 189, 199 (2006)).

There is no tolling for the interval of time between post-conviction applications where the petitioner is not moving to the next higher appellate level of review. See Nino, 183 F.3d at 1006-07; see also Dils v. Small, 260 F.3d 984, 986 (9th Cir. 2001). There is also no tolling for the period between different sets of post-conviction applications. See Biggs v. Duncan, 339 F.3d 1045 (9th Cir. 2003). Finally, the period between the conclusion of direct review and the filing of a state post-conviction application does not toll the limitations period. See Nino, 1983 F.3d at 1006-07.

Here, petitioner is challenging his 1997 conviction. Petitioner appealed his conviction to the California Court of Appeal, which affirmed his conviction in 1998. The California Supreme Court denied review in February 1999. As no petition for certiorari was filed,

the statute of limitations commenced after the 90 day period of time for filing a petition for writ of certiorari, or May 25, 1999. The statute of limitations expired one year later, on May 24, 2000.

Petitioner did not file his first state habeas petition until September 24, 2014, fourteen years after the statute of limitations expired. As the habeas petition was not filed within the statute of limitations period, petitioner is not entitled to any statutory tolling. His federal habeas petition was not filed until October 7, 2016, more than sixteen years after the statute of limitations expired. Therefore, petitioner's federal habeas petition is untimely and barred by the statute of limitations.

Petitioner did not file an opposition to the motion to dismiss. He has, however, set forth some argument as the timeliness of his filings in his petition. He indicates that he has some mental health disorders which prevented him from filing within the statutory period. To the extent he claims in his petition that he should be entitled to equitable tolling due to his mental illness, the undersigned does not find that argument persuasive.

The Supreme Court has determined the statute of limitations under 28 U.S.C. § 2244(d) is subject to equitable tolling principles. See Holland v. Florida, 560 U.S. 631, 645 (2010). To be entitled to equitable tolling, the petitioner must demonstrate that: (1) he has been diligent in pursuing his rights; and (2) extraordinary circumstances prevented him from filing on time. See Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). In a case where the petitioner is alleging a mental impairment as the basis for his equitable tolling claim, "the petitioner must meet a two-part test:

> (1) First, a petitioner must show his mental impairment was an 'extraordinary circumstance' beyond his control by demonstrating the impairment was so severe that either
>     (a) petitioner was unable rationally or factually to personally understand the need to timely file, or
>     (b) petitioner's mental state rendered him unable personally to prepare a habeas petition and effectuate its filing.
> (2) Second, the petitioner must show diligence in pursuing the claims to the extent he could understand them, but that the mental

> impairment made it impossible to meet the filing deadline under
> the totality of the circumstances, including reasonably available
> access to assistance."

Bills v. Clark, 628 F.3d 1092, 1099-1100 (9th Cir. 2010) (*quoting* Holland, 560 U.S. at 649).

Here, it has already been determined that petitioner's mental health disorders were not sufficient to entitle him to equitable tolling during the years of 1997-1998.[3] See Porteous v. Fisher, 2:15-cv-1817 GEB KJN (Findings and Recommendation denying equitable tolling adopted by District Court; Certificate of Appealability denied by the Ninth Circuit Court of Appeal). The undersigned agrees with the reasoning in petitioner's prior case that his mental health condition was not sufficient to qualify for equitable tolling during the relevant time period at issue here. The relevant time period in this case is 1999-2000, just after the relevant time period in petitioner's prior case. As was determined in that prior case, petitioner was housed in general population starting in 1998, and appears to have remained in general population until 2007 when he experienced a deterioration of his mental health. There are notes in the medical records petitioner provides indicating he suffered from mental health conditions such as depression, schizoaffective disorder and bipolar, but nothing in the records during at least 1998-2003 indicates he was unable to communicate or understand these proceedings. See id. Doc. 32 (discussing petitioner's mental health records from 1996 to 2015). Indeed, in the medical records petitioner submitted, he specifically denied any psychological difficulties in January 2000 (See Exhibit P, Doc. 4 at 150). As was determined in his prior case, other than an occasional crisis state (which mainly occurred after 2007), petitioner was housed in general population from early 1998 until 2007 with relatively normal findings on his mental health reviews, and routinely received GAF[4] scores in the 61-70 range, indicating only mild psychological symptoms but

---

[3] The court takes judicial notice of petitioner's prior cases. See Chandler v. U.S., 378 F.2d 906, 909 (9th Cir. 1967); Bias v. Moynihan, 508 F.3d 1212, 1225 (9th Cir. 2007). :

[4] GAF is an acronym for "Global Assessment of Functioning," a scale used by clinicians to assess an individual's overall level of functioning, including the "psychological, social, and occupational functioning on a hypothetical continuum of mental health-illness." Am.

generally functioning pretty well.  Additionally, petitioner was able to file a pro se federal petition in 2000, which would indicate the ability to have filed additional petitions during that time frame.  See Porteous v. People of the State of California, 2:00-cv-0431 GEB DAD (dismissed for failure to exhaust his state remedies).

Given petitioner's lack of opposition to the motion to dismiss, and the court's previous finding that he is not eligible for equitable tolling in his prior case, the undersigned finds petitioner has not made the requisite showing for the court to grant him equitable tolling in this case.  Thus, the petition is untimely.

### III. CONCLUSION

The undersigned finds the petitioner's federal habeas petition was filed beyond the statute of limitations, and petitioner is not entitled to equitable tolling.

Based on the foregoing, the undersigned recommends respondent's unopposed motion to dismiss (Doc. 11) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  January 12, 2018

**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE

---

Psychiatric Ass'n, Diagnostic and Statistical Manual of Mental Disorders with Text Revisions 32 (4th ed. 2004).